**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **UPWARD ENTERPRISES INC. d/b/a UPWARD FARMS** | |
| **Plaintiff** | **CASE NO. 3:21-cv-00641-GNS** |
| **v.** | |
| **REISE OFFICER** | |
| **Defendant** | |

## COMPLAINT

Plaintiff Upward Enterprises Inc. dba Upward Farms ("Upward Farms" or "Plaintiff") complains and alleges against Mr. Reise Officer ("Defendant") as follows.

## PRELIMINARY STATEMENT

1.      Defendant owns the domain name "upwardfarms.com". For years, Defendant did not display any webpage content on the site. In April 2020, Plaintiff contacted the Defendant in good faith to purchase the domain.

2.      After Defendant demanded an unreasonable sum of money, he proceeded to add content to his site in a transparent effort to cause confusion in the marketplace. Defendant created marketing materials that wholly incorporated Plaintiff's identical UPWARD FARMS trademark in connection with goods and services highly related to those Plaintiff offers under its identical mark.

3.      Plaintiff now brings this action for infringement of its federally-registered trademark UPWARD FARMS® (U.S. Registration No. 6,472,304) under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of

trademark infringement under the common law of the Commonwealth of Kentucky, all arising from Defendant's unauthorized, intentional, and misleading use of the identical mark UPWARD FARMS in connection with the marketing, advertising, promotion, offering for sale, and/or sale of vertical farming services and related products.

## PARTIES

4.      Plaintiff Upward Enterprises Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 181 Lombardy Street, Brooklyn, New York 11222.

5.      Upon information and belief, Defendant Reise Officer is an individual residing at 3600 Halls Hill Road, Crestwood, Kentucky 40014.

## JURISDICTION AND VENUE

6.      This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051, *et seq.*

7.      This court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, and 1338.

8.      This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because the claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Personal jurisdiction in this district is proper because Defendant resides in the Commonwealth of Kentucky, and, specifically, Crestwood, Kentucky, which is within this judicial district. Defendant has solicited and conducted business in the Commonwealth of Kentucky. Additionally, Defendant states on his website, located at www.upwardfarms.com, that his "Upward Farms" business is located in Anchorage, Kentucky, which is also within this

judicial district.   A screenshot of Defendant's website, which references the location of the "Upward Farms" business, is attached as **Exhibit A.**

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because this judicial district is the one in which Defendant, who is the sole defendant in this action, resides.

## FACTUAL BACKGROUND

### PLAINTIFF'S BUISNESS AND THE UPWARD FARMS® MARK

11.     Founded in 2013 under a different name, Plaintiff has revolutionized indoor farming by creating vertical aquaponic ecosystems for growing leafy greens and fish that meet the highest ecological and quality standards.

12.     In July 2020, Plaintiff underwent a rebranding, which received press coverage in national outlets, and adopted its current UPWARD FARMS trademark (the "UPWARD FARMS Mark") to identify its high-quality goods and services, including those in the field of produce, vegetables, and vertical farming systems.

13.     Around that time, Plaintiff registered the www.eatupwardfarms.com domain and has continuously owned and operated a website at that domain, through which it promotes and offers its microgreens products, and upcoming salad and seafood products under the UPWARD FARMS Mark.  A screenshot of the home page of Plaintiff's website is attached as **Exhibit B**.

14.     Since as early as May 2021, Plaintiff has used in commerce the UPWARD FARMS Mark in connection with microgreens.  Examples of these products are shown in the images below:



15.     On August 31, 2021, the United States Patent and Trademark Office ("USPTO") issued U.S. Registration No. 6,472,304 to Plaintiff for the mark UPWARD FARMS for "microgreens" in International Class 31, claiming first use in commerce as of May 2021 (the "UPWARD FARMS Registration").  True and correct copies of the registration certificate and a printout from the records of the USPTO showing the status and title of the registration as of the filing date of this Complaint are attached as **Exhibit C** and incorporated by reference as though fully set forth herein.

16.     The filing date for the application that matured into the UPWARD FARMS Registration is February 25, 2020.  Now that Plaintiff has registered its mark, Plaintiff is afforded a presumption of constructive nationwide use of the UPWARD FARMS Mark and priority over others for the registered goods at least as early as February 20, 2020.

17.     The UPWARD FARMS Registration is in full force and effect on the USPTO's Principal Register.

18.     Plaintiff also owns U.S. Application Serial No. 88/810,558 (the "UPWARD FARMS Application") for the mark UPWARD FARMS for "Pre-cut vegetable salad; leafy green salad; microgreen salad; fruit salad; cut vegetables; fish, not live; shellfish, not live" in Class 29 and "Fresh vegetables, leafy greens, herbs; fresh fruits, live fish, live shellfish" in Class 31, which also has a February 25, 2020 application date.  The UPWARD FARMS Application has been allowed for registration, pending submission of an acceptable Statement of Use.  A true and correct copy of a printout from the records of the USPTO showing the status of and selected documents filed in connection with the UPWARD FARMS Application is attached as **Exhibit D**.

19.     Plaintiff has devoted substantial time, effort, and resources to the development and promotion of the UPWARD FARMS Mark, and the goods and services offered or to be offered thereunder.  As a result of Plaintiff's efforts and the quality of the goods offered under the UPWARD FARMS Mark, customers of produce, vegetables, and vertical farming systems have come to recognize and rely upon the UPWARD FARMS Mark as an indication of quality and source.  The UPWARD FARMS Mark thus enjoys substantial goodwill in the relevant marketplace and is a valuable asset of Plaintiff.

20.     By virtue of the continuous use of the UPWARD FARMS Mark and its trademark registration, Plaintiff has the nationwide exclusive right to use the UPWARD FARMS Mark in commerce, in connection with, among other things, microgreens and all related goods and services, as well as to prohibit others from using any mark confusingly similar thereto.

## DEFENDANT'S INFRINGING CONDUCT

21.     Even though Defendant had actual knowledge of Plaintiff's rights to the UPWARD FARMS Mark, Defendant elected to engage in willful infringement of the UPWARD FARMS Mark in connection with vertical farming services and related products.

22.     Plaintiff is informed and believes, and on that basis alleges, that Defendant is the owner of the domain "www.upwardfarms.com" (the "Upwardfarms.com Domain").  A true and correct copy of a screenshot of the www.upwardfarms.com home page is attached as **Exhibit E** and incorporated by reference as though fully set forth herein.

23.     Prior to April 3, 2020, the Upwardfarms.com Domain resolved to a blank landing page where no content was available or displayed.

24.     On April 3, 2020, Plaintiff contacted Defendant regarding the Upwardfarms.com Domain.  Among other things, Plaintiff advised Defendant of its prior rights in the UPWARD FARMS Mark, and attempted to negotiate a transfer of the Upwardfarms.com Domain from Defendant to Plaintiff.

25.     Plaintiff is informed and believes, and on that basis alleges, that shortly after it contacted Defendant, Defendant updated the website at the Upwardfarms.com Domain to feature content relating to a vertical farming services company under the name UPWARD FARMS. This content was virtually identical to the content that appears at the Upwardfarms.com Domain today.  A true and correct copy of an April 22, 2020 capture of www.upwardfarms.com on the Internet Archive WayBack Machine (a leading third-party archive of historical website captures available online at https://archive.org) is attached as **Exhibit F**.

26.     Plaintiff is informed and believes and, on that basis, alleges that, around the same time, Defendant also created social media accounts on Twitter, Instagram, Pinterest, and TikTok using the handles UPWARDFARMS or UPWARD FARMS.

- 6 -

27.     The website accessible at the Upwardfarms.com Domain advertises vertical farming services and purports to sell books on the topic of vertical farming.  A screenshot of the "Shop" page on Defendant's website is shown below:



28.     After initially contacting Defendant on April 3, 2020, Plaintiff expressed concerns regarding the changes to the website at the Upwardfarms.com Domain and Defendant's continued use of the UPWARD FARMS Mark but wished to resolve its dispute with Defendant without resorting to litigation, if possible.

29.     On May 7, 2021, Plaintiff, through its counsel, sent a letter (the "May 7 Letter") to Defendant asking that he cease using the mark UPWARD FARMS and any other marks that are confusingly similar thereto and make a one-time payment to compensate Plaintiff for corrective advertising to remedy his infringement.

30.     On May 25, 2021, Defendant, through his counsel, responded to the May 7 Letter stating that Defendant disagrees with the allegations asserted by Plaintiff and that a detailed

response would follow.  To date, Plaintiff has not received a substantive response to the May 7 Letter.

31.     Defendant has refused to comply with Plaintiff's demands that he cease and desist from infringing the UPWARD FARMS Mark and has since continued engaging in his infringing activity.

32.     The UPWARD FARMS mark used by Defendant is identical in appearance, sound, and meaning to Plaintiff's UPWARD FARMS Mark.

33.     Defendant's purported vertical farming services and books on vertical farming are closely related to Plaintiff's microgreens products offered under the UPWARD FARMS Mark, which Plaintiff promotes as grown using vertical farming methods.

34.     Defendant also had actual notice of Plaintiff's UPWARD FARMS Mark and the UPWARD FARMS Application prior to launching his vertical farming services company when Plaintiff contacted Defendant on April 3, 2020 regarding the Upwardfarms.com Domain.

35.     Plaintiff's constructive use date for the UPWARD FARMS Mark, which is based on the UPWARD FARMS Registration, predates Defendant's use of the mark.

36.     Plaintiff is not affiliated with Defendant and has not consented to, sponsored, endorsed, or approved of Defendant's use of the UPWARD FARMS Mark in connection with the production, marketing, or sale of any products or services.

37.     Plaintiff is informed and believes, and on that basis alleges, that Defendant's actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with the UPWARD FARMS Mark.

## FIRST CAUSE OF ACTION

### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

38.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.     The UPWARD FARMS Mark is an inherently distinctive, strong, valid, and protectable trademark owned by Plaintiff.

40.     Plaintiff is informed and believes, and on that basis alleges, that Defendant has used or intends to use the mark UPWARD FARMS, which is identical to Plaintiff's registered UPWARD FARMS Mark, in commerce.

41.     Plaintiff is informed and believes, and on that basis alleges, that Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Plaintiff.

42.     Defendant's use or prospective use of the mark UPWARD FARMS in connection with vertical farming services and related products is likely to cause confusion, mistake, or deception as to the source or sponsorship of the services and/or is likely to lead the consuming public to believe that Plaintiff has authorized, approved, or somehow sponsored Defendant's goods and services, or that Plaintiff and Defendant are somehow associated with one another.

43.     Defendant's actions described above and specifically, without limitation, Defendant's use or prospective use of the term UPWARD FARMS in connection with its goods and services constitutes trademark infringement in violation of 15 U.S.C. § 1114.

44.     Plaintiff has been, and will continue to be, damaged and irreparably harmed by Defendant's actions, which will continue unless Defendant is enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of damage to its business and reputation and

the diminution of the goodwill of the UPWARD FARMS Mark are difficult to ascertain with specificity.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

45.     Plaintiff is entitled to recover damages in an amount to be determined at trial and any profits made by Defendant in the sale of goods or services through use of the UPWARD FARMS mark.  Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendant's actions were undertaken willfully and with the intention of causing confusion, mistake, and deception, making this an exceptional case entitling Plaintiff to recover treble damages, reasonable attorneys' fees, and costs pursuant to 15 U.S.C. § 1117, as well as prejudgment interest.

## SECOND CAUSE OF ACTION

### FEDERAL COUNTERFEIT TRADEMARK INFRINGEMENT UNDER

### 15 U.S.C. § 1114

46.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 45 of this Complaint as if fully set forth here.

47.     Plaintiff owns the distinctive, valid, and registered UPWARD FARMS Mark.

48.     Without Plaintiff's consent, Defendant has used or intends to use identical copies of the UPWARD FARMS Mark in commerce to advertise and offer Defendant's vertical farming services and related goods.

49.     Defendant marketed in commerce a false designation that is identical to, or substantially indistinguishable from the UPWARD FARMS Mark.

50.     Defendant's use of the counterfeit UPWARD FARMS Mark is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendant's products and services and/or is likely to lead the consuming public to believe that Upward Farms has

authorized, approved, or somehow sponsored Defendant's products or services.

51.     Upon information and belief, Defendant intentionally used the UPWARD FARMS Mark knowing such designation to be a counterfeit mark in connection with the sale, offering for sale, or distribution of products or services.

52.     The actions of Defendant described above and specifically, without limitation, Defendant's use or prospective use of the mark the UPWARD FARMS Mark in connection with his vertical farming related products and services, constitutes counterfeit trademark infringement in violation of 15 U.S.C. § 1114.

53.     Upon information and belief, Defendant has made and will continue to make substantial profits and gain to which he is not in law or equity entitled.

54.     Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of the Defendant, which will continue unless the Defendant is enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of damage to Plaintiff's business, reputation, and diminution of the goodwill of the UPWARD FARMS Mark goodwill is difficult to ascertain with specificity. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

55.     Plaintiff is entitled to recover from Defendant all damages, including attorneys' fees that Plaintiff has sustained and will sustain because of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. §1117(c).

### THIRD CAUSE OF ACTION

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

### UNDER 15 U.S.C. § 1125

56.    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57.    Defendant has used or intends to use in commerce and without Plaintiff's authorization or consent the mark UPWARD FARMS, which is identical to Plaintiff's UPWARD FARMS Mark.

58.    Defendant's actions as described herein are likely to cause confusion and deception among the consuming public and are likely to lead the consuming public to believe that Plaintiff has authorized, approved, or somehow sponsored Defendant's products or services that are advertised, sold, or offered to be sold under the UPWARD FARMS mark.

59.    Defendant's use or prospective use of the UPWARD FARMS mark described herein creates a false suggestion of an affiliation or connection between Defendant and Upward Farms.

60.    Defendant's actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

61.    Plaintiff has been and will continue to be damaged and irreparably harmed by Defendant's actions, which will continue unless Defendant is enjoined by this Court.  Plaintiff has no adequate remedy at law in that the amount of damage to Plaintiff's business and reputation and the diminution of the goodwill of the UPWARD FARMS Mark are difficult to ascertain with specificity.  Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

62.     Plaintiff is entitled to recover damages in an amount to be determined at trial and any profits made by Defendant in the sale of products or services through use of the UPWARD FARMS mark.

## FOURTH CAUSE OF ACTION

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## UNDER KENTUCKY COMMON LAW

63.     Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64.     Plaintiff's UPWARD FARMS Mark is valid and protectable.

65.     The acts and conduct of Defendant as alleged in this Complaint, and in particular in using the infringing UPWARD FARMS mark in connection with the advertising, promotion, offer to sale, and sale of vertical farming services and related goods, to consumers located in Kentucky, constitute trademark infringement and unfair competition under the common law of Kentucky.

66.     Defendant's actions herein have caused monetary damages to Plaintiff in an amount to be proven at trial.

67.     Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff and its business, reputation, and trademarks, unless and until he is permanently enjoined.

68.     Plaintiff has been, and will continue to be, damaged and irreparably harmed by Defendant's actions, which will continue unless Defendant is enjoined by this Court.  Plaintiff has no adequate remedy at law in that the amount of damage to Plaintiff's business and reputation and the diminution of the goodwill of the UPWARD FARMS Mark are difficult to

ascertain with specificity.  Plaintiff is therefore entitled to injunctive relief.

69.     Plaintiff is entitled to recover damages in an amount to be determined at trial and any profits made by Defendant in the sale of goods through use of the UPWARD FARMS mark.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.     That Plaintiff be granted permanent injunctive relief under 15 U.S.C. § 1051, *et seq*., K.R.S. § 367.170, and the common law of Kentucky; specifically, that Defendant and all of his respective agents, servants, representatives, employees, attorneys, corporations, assigns and successors in interest, and all other persons acting in concert with him be permanently enjoined from (i) using the mark and trade name UPWARD FARMS, or any other mark or name confusingly similar to the UPWARD FARMS Mark, in connection with the marketing, promotion, advertising, sale, or distribution of any products and services and (ii) from any acts of infringement of the UPWARD FARMS Mark.

B.     That Defendant is ordered to file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which he has complied with the terms of the injunction;

C.     That Defendant is adjudged to have violated 15 U.S.C. § 1114 by infringing the UPWARD FARMS Mark;

D.     That Defendant is adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against Plaintiff by using a false designation of origin for his infringing products;

E.     That Plaintiff be awarded Defendant's profits derived by reason of said acts, or as determined by an accounting of profits;

F.     That Plaintiff be awarded three times Defendant's profits and three times of all Plaintiff's damages suffered as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act, as well as Upward Farms' costs, attorneys' fees, and expenses, and statutory damages in this suit under 15 U.S.C. § 1117;

G.     That Plaintiff be granted prejudgment and post judgment interest;

H.     That Plaintiff be granted all costs associated with the prosecution of this action; and

I.     That Plaintiff be granted such further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

Dated: October 18, 2021                    Respectfully submitted,

By:  /s/ Scott P. Zoppoth
     Scott P. Zoppoth
     The Zoppoth Law Firm
     6510 Glenridge Park Place, Suite 1
     Louisville, Kentucky 40202
     (502) 568-8884
     spz@zoplaw.com

     Brendan Hughes *(pro hac vice pending)*
     COOLEY LLP
     1299 Pennsylvania Avenue, NW, Suite 700
     Washington, DC 20004-2400
     Telephone:  (202) 842-7800
     Facsimile:   (202) 842-7899

     Colette Ghazarian *(pro hac vice pending)*
     COOLEY LLP
     1333 2nd Street, Suite 400
     Santa Monica, CA 90401
     Telephone:  (310) 883-6400
     Facsimile:   (310) 883-6500

     *Co-Counsel for Plaintiff, Upward Enterprises, Inc.*